IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FAYSAL SALIM MUHAMMAD,<br>    Plaintiff | )<br>)  C.A. No. 20-162 Erie<br>) |
| v | )  District Judge Susan Paradise Baxter<br>) |
| ERIE COUNTY CONVENTION<br>CENTER AUTHORITY, et al.,<br>    Defendants | )<br>)<br>) |

**MEMORANDUM OPINION**

**I.    INTRODUCTION**

On June 24, 2020, Plaintiff Faysal Salim Muhammad, an inmate incarcerated at the State Correctional Institution at Houtzdale, Pennsylvania ("SCI-Houtzdale"), initiated this civil rights action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 against Defendants Erie County Convention Center Authority ("ECCCA"), White Lodging Services of Merrillville, Indiana ("White Lodging"), and Stacy Tupek ("Tupek").

Plaintiff alleges that on March 8, 2017, while Plaintiff was staying in room 301 at the Marriott Courtyard in Erie, Pennsylvania, the hotel maid entered his room to clean it while Plaintiff was absent, despite the "do not disturb" sign on the door (ECF No. 13, Complaint, at ¶ 9). While cleaning the room, the maid discovered a handgun concealed in a couch pillowcase and alerted Tupek, the hotel manager (Id.). Tupek then contacted the Erie Police and reported the discovery (Id.). Police officers were sent to the hotel and Tupek used a passkey to allow the officers into Plaintiff's hotel room and then showed them where the handgun was located (Id.). The officers removed the handgun, ran the serial numbers, and then replaced the gun in the

pillowcase where it was found (Id.).[1] Plaintiff claims that the discovery and disclosure of the concealed handgun in his hotel room violated his right to be free from illegal search and seizure under the fourth amendment to the United States Constitution. As relief for his claims, Plaintiff seeks monetary damages and injunctive and declaratory relief.

On December 1, 2020, Defendants filed a motion to dismiss complaint [ECF No. 21], arguing that Plaintiff's claims should be dismissed in their entirety because they: (i) are barred by the applicable statute of limitations; (ii) fail to state a cause of action upon which relief may be granted because Defendants are not state actors; and/or (iii) are barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477. Plaintiff has since filed a response in opposition to Defendants' motion [ECF No. 36], Defendants have filed a reply [ECF No. 37], and Plaintiff has filed a sur-rely [ECF No. 41]. This matter is now ripe for consideration.

## II.   DISCUSSION

Defendants have first moved to dismiss Plaintiff's complaint in its entirety, arguing that it was filed well beyond the expiration of the applicable statute of limitations. The Court agrees. The federal civil rights laws do not contain a specific statute of limitations for Section 1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims to determine the applicable limitations period. Sameric Corp. Del., Inc. v. City of Philadelphia, 142 F.3d 582 (3d Cir. 1998) (internal citations omitted). In this regard, federal courts sitting in Pennsylvania have adopted Pennsylvania's two-year personal injury statute of limitations set forth at 42 Pa.C.S.A. § 5524, in determining that a

---

[1] Though unstated in the complaint, Plaintiff's response to Defendants' motion to dismiss indicates that Plaintiff was subsequently charged with illegal possession of a firearm in violation of 18 Pa. C.S.A § 6105, to which he pleaded guilty (ECF No. 36, at ¶¶ 25, 30).

§ 1983 action must be filed no later than two years from the date the cause of action accrued. Id. at 599-600.

Under federal law, "'the statute of limitations begins to run on the first date that the injured party possesses sufficient critical facts to put him on notice that a wrong has been committed and that he need investigate to determine whether he is entitled to redress.'" Kichline v. Consolidated Rail Corporation, 800 F.2d 356, 359 (3d Cir.1987), cert. denied, 475 U.S. 1108 (1986), quoting Zeleznick v. United States, 770 F.2d 20, 23 (3d Cir. 1985). Thus, in general, a claim accrues in a federal cause of action "as soon as a potential claimant either is aware, or should be aware, of the existence of and source of injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong." Keystone Insurance Co. v. Houghton, 863 F.2d 1125, 1127 (3d Cir. 1988).

Here, Plaintiff's original complaint was filed on June 24, 2020, although the complaint was apparently signed by Plaintiff on June 17, 2020. (See ECF No. 1, Complaint). Thus, for purposes of applying the statute of limitations, this Court will treat June 17, 2020, as the relevant filing date pursuant to the prison mailbox rule. See Commonwealth v. Castro, 766 A.2d 1283, 1287 (Pa.Super. 2001), citing Commonwealth v. Little, 716 A.2d 1287 (Pa.Super. 1998) (in determining the date upon which a prisoner's pleading is filed, Pennsylvania applies the prison mailbox rule, which provides that the "date of delivery of [the pleading] by the [inmate] to the proper prison authority or to a prison mailbox is considered the date of filing of the [pleading]"). Accordingly, any claim concerning an injury of which Plaintiff "new or should have known" prior to June 17, 2018, is barred by the statute of limitations.

It is plain from the allegations of Plaintiff's complaint that his claims arise from

a single incident that occurred on March 8, 2017 - more than three years before the filing of the instant lawsuit. Nonetheless, Plaintiff claims that he was not aware that Defendant Tupek had used her passkey to allow police officers to search his hotel room and discover the concealed handgun until May 24, 2018, when he received a full response to his discovery requests in his criminal case (ECF No. 36, at ¶ 6; ECF No. 41, at ¶¶ 8-9).

To the extent Plaintiff attempts to argue that his causes of action did not accrue until he learned that Defendants' actions were unconstitutional, this would not excuse the untimeliness of this action because the limitations period runs from the date of awareness of the injury, not from the recognition of a violation of any constitutional or civil rights. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1386 (3d Cir. 1994) ("[A] claim accrues in a federal cause of action upon awareness of actual injury, not upon awareness that this injury constitutes a legal wrong."); Ormsby v. Luzerne Cty. Dep't of Pub. Welfare Office of Human Servs., 149 Fed.Appx. 60, 63 (3d Cir. 2005) (rejecting claim by pro se litigant that "the statute of limitations should be tolled ... under Pennsylvania's discovery rule until ... she obtained all of the facts surrounding her claims and 'realized' that the defendants had 'violat[ed] her constitutional and civil rights"). Moreover, even accepting May 24, 2018, as the date on which Plaintiff's claim accrued, his complaint was still filed nearly one month beyond the expiration of the two-year statute of limitations. Thus, Plaintiff's claims are barred by the applicable statute of limitations and will be dismissed, accordingly.[2]

An appropriate Order follows.

---

[2] Since Plaintiff's claims are untimely, there is no need to address any of the other arguments raised in Defendants' motion, even though each of those arguments also has merit.